IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-331-D

| | |
|---|---|
| TAUREAN SMALL, | ) |
|                Plaintiff, | ) |
| v. | )     ORDER |
| SMITHFIELD FOODS INC., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and ALLIED UNIVERSAL SECURITY SERVICES, | ) |
|                Defendants. | ) |

On June 16, 2025, Taurean Small ("Small" or "plaintiff"), appearing pro se, filed a complaint against Smithfield Foods Inc., Sedgwick Claims Management Services, Inc., and Allied Universal Security Services (collectively, "defendants") [D.E. 1] and a motion to proceed in forma pauperis [D.E. 2]. The court referred the matter to United States Magistrate Judge Robert B. Jones, Jr., for a memorandum and recommendation on Small's motion to proceed in forma pauperis and for frivolity review [D.E. 5]. See 28 U.S.C. § 636(b)(1). On July 23, 2025, Magistrate Judge Jones issued a memorandum and recommendation ("M&R") [D.E. 6]. In the M&R, Judge Jones recommended that the court (1) grant Small's motion to proceed in forma pauperis, (2) allow the Family Medical Leave Act ("FMLA") retaliation claim against Smithfield Foods, Inc. to proceed, and (3) dismiss all claims against Sedgwick Claims Management Services, Inc. and Allied Universal Security Services, and (4) dismiss the state law claims against Smithfield. See id. On July 28, 2025, Small filed a document entitled "Partial Objection to Memorandum and Recommendation" [D.E. 7].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and Small's objection. As to the portions of the M&R to which Small does not object, the court has reviewed these portions for clear error. No clear error exists regarding these portions of the M&R to which Small did not object and the court adopts those conclusions. As to the portions of the M&R to which Small did object, the court has reviewed the M&R, the party's arguments, and the record de novo. Small failed to plausibly allege that either Sedgwick Claims Management Services, Inc. or Allied Universal Security Services employed him. Small also did not plausibly allege that Allied Universal Security Services intentionally induced Smithfield not to perform its contract with him. Moreover, Small failed to plausibly allege that the Allied Universal security guard committed any tortious acts. Thus, the court overrules Small's objections and adopts the conclusions in the M&R.

In sum, the court GRANTS plaintiff's motion to proceed in forma pauperis [D.E. 2], OVERRULES plaintiff's objection to the M&R [D.E. 7], and ADOPTS the conclusions in the M&R [D.E. 6]. The court DIMISSES all claims against Sedgwick Claims Management Services, Inc. and Allied Universal Security Services, DISMISSES all state law claims against Smithfield Foods, Inc., and permits plaintiff's FMLA retaliation claim against Smithfield Foods, Inc. to proceed.

SO ORDERED. This 8 day of August, 2025.

/s/ J. Dever
JAMES C. DEVER III
United States District Judge